```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA      *
                              *
       v.                     *     Civil Action WMN-07-CR-0568
                              *
ANDRES FERNANDEZ-CRUZ         *

    *    *    *    *    *    *    *    *    *    *    *    *
```

**MEMORANDUM**

On July 10, 2008, Defendant Andres Fernandez-Cruz pled guilty to one count of Fraud and Related Activity in Connection with Identification Documents in violation of 18 U.S.C. § 1028(a)(2) (Count One) and one count of Aggravated Identity Theft in violation of 18 U.S.C. § 1028A(a)(1) (Count Three). The plea did not include, as an element of the offense of Aggravated Identity Theft, that the defendant knew he was using the means of identification of another person.  Nor did the factual stipulation set forth such facts.  On October 9, 2008, the Court sentenced Defendant to 48 months of imprisonment, 24 months for Count One and 24 months for Count Three to be served consecutively for a total of 48 months.

On May 4, 2009, the Supreme Court issued its ruling in United States v. Flores-Figueroa, __ U.S. __, 129 S.Ct. 1886 (2009), overturning Fourth Circuit precedent and requiring that the government establish that an aggravated identity theft defendant had knowledge both that s/he was transferring, using,

1

or possessing an identity other than his or her own and that the identity belonged to another person.  Defendant Andres Fernandez-Cruz, a federal inmate proceeding pro se, filed a motion on September 28, 2009 that he styles as a motion for resentence under 18 U.S.C. § 3582(c)(1)(A)(i).  The government filed its response on October 15, 2009 in support of Mr. Fernandez-Cruz's motion.  Because Mr. Fernandez-Cruz appears to be challenging the validity of his conviction for Aggravated Identity Theft by virtue of the Supreme Court's decision in Flores-Figueroa v. United States, the Government believes and this Court agrees that the motion is most properly construed as a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255.  The Government also requests that Defendant's Aggravated Identity Theft conviction be vacated.  The Court has reviewed the parties' supporting memoranda, as well as the record in this case, and for the reasons set forth below, absent Mr. Fernandez-Cruz's objection within ten business days from the entry of this Order, this Court will construe Mr. Fernandez-Cruz's motion as a motion pursuant to 28 U.S.C. § 2255, grant the motion by vacating his conviction for aggravated identity theft, and amend the Judgment by eliminating the 24 month consecutive sentence for Aggravated Identity Theft and reducing the assessment from $200 to $100.

Before the Court can recharacterize the motion as a § 2255 motion, however, it must provide notice to Defendant and warn him that the recharacterization "means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the [defendant] an opportunity to withdraw the motion or to amend the motion so that it contains all the § 2255 claims he believes he has." United States v. Castro, 540 U.S. 375, 383 (2003).  In providing notice to Mr. Fernandez-Cruz, this Court feels it prudent to advise him of certain provisions of § 2255.

The first provision is that § 2255 motions must normally be filed within 1 year of "the date on which the judgment of conviction becomes final."  28 U.S.C. § 2255(f)(1).  In this case, Mr. Fernandez-Cruz filed his motion more than a year after his conviction became final, but § 2255(f)(3) also allows motions to be filed within one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

Here, the Supreme Court decided Flores-Figueroa on May 4, 2009, so Mr. Fernandez-Cruz's motion, filed on September 28, 2009, is timely filed as long as Flores-Figueroa can be retroactively applied to his claim.  Judge Friedman in the Eastern District of Virginia held in United States v. Esteban

Venancio-Dominguez that the Supreme Court's decision in Flores-Figueroa applies retroactively and this Court agrees with his reasoning.  __ F. Supp. 2d at ___, 2009 WL 3234217 at *3-4. Decisions of the Supreme Court narrowing the construction of substantive federal criminal statutes are given retroactive effect.  Id. at *3 (citing Schriro v. Summerlin, 542 U.S. 348, 351-52 (2004)).  Accordingly, the narrow construction of Section 1028A(a)(1) adopted in Flores-Figueroa is applicable on collateral attack of aggravated identity theft convictions.  Id. at *4.  As such, Mr. Fernandez-Cruz's current motion would not be time barred under § 2255.

    The second issue of which Mr. Fernandez-Cruz should be aware is that once this motion is recharacterized as a § 2255 motion, if he wants to file any subsequent § 2255 motions, he will need to apply for certification from the United States Court of Appeals for the Fourth Circuit or they will be dismissed as successive.  28 U.S.C. § 2255(h).  In light of this limitation, the Court advises Mr. Fernandez-Cruz that if he elects to have the court recharacterize the current motion as a § 2255 motion, he may also wish to move to amend the motion to add any other grounds upon which he believes his conviction and/or sentence for Count One to be invalid or unconstitutional. Should Mr. Fernandez-Cruz elect to amend his motion with additional claims, he will need to present an argument as to how

4

they are not time barred.  If Mr. Fernandez-Cruz does not have any additional grounds to raise, however, he does not need to amend the motion.

Judge Friedman in <u>Esteban Venancio-Dominguez</u> also discussed the process for analyzing a collateral attack of a conviction based on a retroactive Supreme Court decision in light of <u>Bousley v. United States</u>, 523 U.S. 614 (1998).  <u>Esteban Venancio-Dominguez</u>, __ F. Supp. 2d at ___, 2009 WL 3234217 at *4-5.  This Court agrees with Judge Friedman's collateral attack analysis and conclusion.  When a defendant pleads guilty and does not challenge the validity of his plea on appeal, the claim is procedurally defaulted.  <u>Id.</u> at *4 (citing, 523 U.S. at 620).  If the defendant has procedurally defaulted and s/he wants to collaterally attack her/his conviction on the basis of a retroactive Supreme Court decision, the defendant must demonstrate either 1) cause for the default and actual prejudice or 2) actual innocence.  <u>Id.</u> at *4 (citing <u>Bousley</u>, 523 U.S. at 622).  "'Actual innocence means factual innocence and not mere legal insufficiency,' and '[t]o establish actual innocence, the petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" <u>Id.</u> (quoting <u>Bousley</u>, 523 U.S. at 623 (internal quotations omitted)).  In addition, "when reviewing a claim of actual innocence in a habeas petition, 'the Government should be

5

permitted to present any admissible evidence of the petitioner's guilt even if that evidence was not present during the petitioner's plea colloquy and would not have normally been offered' prior to the retroactive Supreme Court decision." Id. (quoting Bousley, 523 U.S. at 624).

Here, Mr. Fernandez-Cruz did not challenge the validity of his guilty plea on appeal so his claim is procedurally defaulted.  He also has not established "cause" for his default.  Thus, he can only attack his 18 U.S.C. § 1028A(a)(1) conviction by proving that he is innocent of the offense.  The elements included in Mr. Fernandez-Cruz's plea agreement did not include as an element of the offense of Aggravated Identity Theft that he knew that the identification documents he unlawfully possessed belonged to another individual.  Likewise, the factual stipulation did not include any such facts.  Moreover, by arguing in favor of vacating Mr. Fernandez-Cruz's conviction and not raising any additional evidence, the government seems to concede in its response to Mr. Fernandez-Cruz's motion that it cannot present evidence establishing that he had the requisite knowledge to be convicted of Aggravated Identity Theft based upon the Supreme Court's interpretation of 18 U.S.C. § 1028A(a)(1).  Therefore, this Court finds that Mr. Fernandez-Cruz has satisfied his burden of establishing actual innocence, and his conviction for Count Three, Aggravated Identity Theft,

should be vacated and his sentence amended to eliminate the 24 month consecutive sentence for Count Three and to reduce the assessment from $200 to $100.

For the foregoing reasons, notice will be given to Mr. Fernandez-Cruz of this Court's intention to recharacterize his Motion to Resentence under 18 U.S.C. § 3582(c)(1)(A)(i) as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.  Mr. Fernandez-Cruz will have ten business days from the date of this Order in which to object to this recharacterization.  If Mr. Fernandez-Cruz does not object to this recharacterization within those ten business days, the recharacterized motion will be granted, his conviction for Aggravated Identity Theft under 18 U.S.C. § 1028A(a)(1), Count Three, will be vacated and the Judgment amended eliminating the 24 month consecutive sentence for Count Three and reducing the assessment from $200 to $100.

```
                    _____/s/_____
                    William M. Nickerson
                    Senior United States District Judge
```

October 22, 2009